GLORIA NOAH, APPELLANT, v. CREIGHTON OMAHA REGIONAL HEALTH CARE CORPORATION AND TRAVELERS INSURANCE COMPANY, APPELLEES.

328 N.W.2d 203

Filed December 23, 1982.  No. 82-024.

James S. Jansen, for appellant.

Patrick B. Donahue of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

BOSLAUGH, MCCOWN, CLINTON, and WHITE, JJ., and BRODKEY, J., Retired.

CLINTON, J.

This is a workmen's compensation case in which the plaintiff received an award from the one-man Workmen's Compensation Court. Upon rehearing before three members of the court the plaintiff's claim was dismissed.

The accidental injury is alleged to have occurred while the plaintiff was employed as a medical records clerk by the defendant hospital. A detailed review of the conflicting evidence will not serve any useful purpose. We will therefore summarize rather briefly. The injury is alleged to have occurred about June 24, 1980, while the plaintiff was doing

some filing work either while getting down from the stool, walking away from the stool, or as a result of a twisting motion. The plaintiff had a history of prior back problems with previous employers and for some of these complaints she drew workmen's compensation benefits. In this case her principal attending physician was of the opinion that she suffered from a chronic mechanical back problem which preexisted her employment with the defendant; that before the incident of June 24, 1980, she had a 5 percent disability and after the incident she had the same percentage of disability, and that it was not attributable to anything that occurred on June 24, 1980. A second physician, who had little or no knowledge of her prior history, attributed her pain to what occurred on June 24, 1980.

The governing principle is that the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. The decision of the compensation court after rehearing must be considered in the light most favorable to the successful party, and every controverted fact must be decided in its favor. Neb. Rev. Stat. § 48-185 (Reissue 1978); *Davis v. Western Electric*, 210 Neb. 771, 317 N.W.2d 68 (1982).

AFFIRMED.